**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**(Fort Myers Division)**

| | |
|---|---|
| EDUARDO CERVANTES TORRES<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>    PLAINTIFF,<br><br>        v.<br><br>ICOLLID, INC.<br>2531 Fowler Street<br>Ft. Myers, FL 33901<br><br>    SERVE: Resident Agent<br>    Matthew Collado<br>    66 West Flagler Street, 900<br>    Miami, Florida 33130<br><br>    DEFENDANT    . | Case No. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff Eduardo Cervantes Torres ("Plaintiff"), by and through his undersigned counsel, and the law firm of Zipin, Amster & Greenberg, LLC, hereby file his Complaint against Defendant ICOLLID, Inc. ("Defendant"), for violations of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Florida Minimum Wage Act, Fl. Stat. § 448.110 ("FMWA"), and for breach of contract for unpaid wages and attorneys' fees and costs under Fl. Stat. § 448.08.

In support, Plaintiff states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the State of Florida and is domiciled in Lee County, Florida.

2. Defendant is a corporation formed under the laws of the State of Florida, which maintains its principal place of business at its auto body shop at 2531 Fowler Street, Ft. Myers, Lee County, Florida.

3. At all times relevant to this Complaint, Defendant was an "employer" of Plaintiff under the FLSA and FMWA, as well as for the purposes of Plaintiff's breach of contract action for unpaid wages.

4. At all times material herein, Defendant qualified as an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1). Defendant had an annual gross volume of sales made or business done in an amount exceeding $500,000.00. At all relevant times, Defendant had multiple employees, including Plaintiffs, who handled, sold or otherwise worked on goods or materials that had been moved in or produced for commerce.

5. This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b) of the FLSA, and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's FMWA and breach of contract claim under 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b).

6. Plaintiff's action is ripe because he delivered notice by certified mail of his unpaid wage claims under Florida law more than 30 days prior to the commencement of this litigation.

**FACTS**

7. Defendant employed Plaintiff as a car and boat painter from March of 2025 through October 24, 2025.

8. None of Plaintiffs' duties were exempt from the minimum and overtime wage requirements of the FLSA or the FMWA.

9. Plaintiff worked a customary schedule of Monday through Friday, from 8:00 a.m. to 8:00 p.m., and Saturday from 8:00 a.m. to 3:00 p.m., with a 30-minute lunch break, or approximately 65 hours per week.

10. Defendant paid Plaintiff on a salaried basis of first $800.00 per week in March of 2025, $1,000.00 per week in April and May of 2025, and finally $1,200.00 per week from June of 2025 through October 24, 2025.

11. Throughout the relevant period for Plaintiff's claims, he customarily worked more than 40 hours in a single week.

12. Defendant knew, or should have known, that Plaintiff was working these hours because it scheduled them to work the hours, and observed him, through its managers, working those hours.

13. Despite Plaintiff customarily working more than 40 hours in a single week through the relevant period, Defendant never paid him a time and a half overtime premium for his overtime hours. Instead, Defendant only paid Plaintiff straight time salary for all hours worked throughout his employment.

14. Further, Plaintiff's salary of $800.00 per week in March of 2025 caused his regular rate to unlawfully fall to $12.31 per hour ($800.00 per week / 65 hours worked per week), which was below the required 2025 Florida minimum wage rate of $13.00 per hour.

3

15.    Defendant's failure to pay Plaintiff the required federal overtime wages and Florida minimum wages was not in good faith because it knew that Plaintiff was working the hours plead and knew that Plaintiff was not performing exempt duties.

16.    Defendant's failure to pay Plaintiff the required federal overtime wages was willful because it knew that Plaintiff was working overtime hours and was not overtime exempt or acted in reckless disregard of the law in not paying Plaintiff his overtime wages owed.

17.    Plaintiff calculates his unpaid federal overtime ($7,047.92) and Florida minimum wages ($180.00) as follows:

| Time Period | Weeks | Hours Worked per Week | OT Hours per Week | Salary Paid | Regular Rate | Fl. Min. Wage | Min. Wages Owed per Week | OT Wages Owed per Week | Total Wages Owed per Week: | Total Wages Owed |
|---|---|---|---|---|---|---|---|---|---|---|
| March 2025 | 4 | 65 | 25 | $800.00 | $12.31 | $13.00 | $45.00 | $162.50 | $207.50 | $650.00 |
| April – May 2025 | 9 | 65 | 25 | $1,000.00 | $15.38 | | $0.00 | $192.31 | $192.31 | $1,730.77 |
| June 1, 2025 – Oct. 24, 2025 | 21 | 65 | 25 | $1,200.00 | $18.46 | | $0.00 | $230.77 | $230.77 | $4,846.15 |
| | | | | | | | | | Unpaid Wages: | $7,227.92 |

18.    Further, Defendant paid Plaintiff on a W2 basis. The Parties agreed that Defendant would withhold a portion of his wages as taxes, and remit these withheld wages to the IRS.

19.    Defendant deducted approximately $114.00 per week from Plaintiff's wages as taxes, or approximately $3,876.00 over the course of Plaintiff's employment.

20.    However, Plaintiff's 2025 W2, prepared and provided by Defendant, shows that Defendant only remitted $1,102.62 in wages to the IRS, and instead retained at least $2,773.38 in wages owed to Plaintiff for its own purposes and/or benefit, in violation of the Parties' agreement as to the tax withholdings.

**CAUSES OF ACTION**

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938**
**29 U.S.C. § 201, *et seq.***

21.    Plaintiff re-alleges and re-asserts the allegations in ¶¶ 1-17.

22.    At all times during the relevant period, Defendant was Plaintiff's "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

23.    At all times during the relevant period, Plaintiff was Defendant's "employee" as defined by the FLSA. 29 U.S.C. § 203(e).

24.    Plaintiff was employed by Defendant to perform nonexempt auto-body shop work for the benefit of Defendant.

25.    Plaintiff was not paid all overtime wages owed to, and/or earned by him pursuant to the FLSA.

26.    Defendant has intentionally failed to pay all wages owed, and/or earned for all work performed as a result of the above alleged unlawful practices in violation of the FLSA.

27.    Prior to and during the relevant period, Defendant had actual and/or constructive knowledge of the correct methodology for computing overtime premium compensation.

28.    Defendant's failure to pay all overtime wages owed and/or earned to Plaintiff was willful, knowing and intentional, or, at a minimum, reckless.

WHEREFORE, Defendant is liable to Plaintiff under Count I for all unpaid overtime wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
## VIOLATION OF THE FLORIDA MINIMUM WAGE ACT
### Fl. Stat. § 448.110

29.     Plaintiff re-alleges and re-asserts the allegations in ¶¶ 1-17.

30.     At all times during the relevant period, Defendant was Plaintiff's "employer" within the meaning of the FMWA.

31.     At all times during the relevant period, Plaintiff was Defendant's "employee" within the meaning of the FMWA.

32.     As discussed *supra*, Defendant knew that Plaintiff was performing nonexempt work. Further, Defendant had actual or constructive knowledge of all hours Plaintiffs worked. Finally, Defendant knew that Plaintiff's salary rate was $800.00 per week. It thus knew that Plaintiff's regular rate of $12.31 per hour fell below the required Florida minimum wage rate of $13.00 per hour, yet knowingly continued to fail to pay Plaintiff the required Florida minimum wages owed and earned.

33.     Defendant did not act in good faith in its failure to pay Plaintiff the required Florida minimum wages.

WHEREFORE, Defendant is liable to Plaintiffs under Count II for all unpaid wages in such amounts as will be proven at trial, plus an equal amount as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action and any other and further relief this Court deems appropriate.

## COUNT III
## BREACH OF CONTRACT – FLORIDA COMMON LAW AND FL. STAT. § 448.08

34.     Plaintiff re-alleges and re-asserts the allegations in ¶¶ 1-7, and 18-20.

35.     Plaintiff and Defendant contracted for an employment agreement where a material term was that Plaintiff would be paid as a W2 employee, with Defendant withholding taxes from Plaintiff's wages owed and remitting them to the IRS on Plaintiff's behalf.

36.     Defendant breached the Parties' agreement by retaining at least $2,773.38 of wages earned by Plaintiff, and withheld for tax purposes, instead of remitting these monies to the IRS.

37.     Since this is an action for unpaid wages owed, Plaintiff is entitled to his attorneys' fees and costs in prosecuting his claim under Fl. Stat. § 448.08.

WHEREFORE, Defendant is liable to Plaintiff under Count III for the amount of unpaid wages that Defendants failed to pay Plaintiff or remit to the I.R.S., for attorney's fees, costs, and expenses of this action under Fl. Stat. § 448.08, and for such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems proper.

## RELIEF REQUESTED

WHEREFORE, for the reasons stated above, Plaintiff requests the following relief:

A.  Entry of a judgment in favor of Plaintiff and against Defendant for all earned wages this Court finds due and owed to Plaintiff.

B.  Entry of judgment in favor of Plaintiff and against Defendant for liquidated damages as provided under the FLSA and FMWA.

C.  Entry of judgment in favor of Plaintiff and against Defendant for pre- and post-judgment interest.

D.  Entry of judgment in favor of Plaintiff and against Defendant for attorneys' fees and costs to be determined by post-judgment petition.

E.  Entry of judgment in favor of Plaintiff and against Defendant for all other legal and equitable relief this Court deems just and proper.

Dated: August 6, 2026                    Respectfully submitted,

ZIPIN, AMSTER & GREENBERG, LLC

*/s/ Alexandre Todorov*_____
Alexandre M.P. Todorov, Esq.
Fl. Bar No. 1056799
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email: stodorov@ZAGFirm.com
*Counsel for Plaintiff*

8